David W. Criswell, OSB No. 925930
david.criswell@millernash.com
Andrew J. Geppert, OSB No. 203744
andrew.geppert@millernash.com
MILLER NASH LLP
1140 SW Washington St, Suite 700
Portland, Oregon 97205
Telephone: 503.224.5858
Fax: 503.224.0155

Proposed Attorneys for Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>THRIVIFY LLC,<br><br>Other names used by debtor: The Lodge in Sisters, LLC, The Lodge in Sisters, ABN,<br><br>Debtor. | Case No. 23-30538-dwh11<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY MILLER NASH LLP AS ATTORNEYS FOR TRUSTEE** |

Kenneth S. Eiler, chapter 11 trustee of the estate of Thrivify, LLC (the "***Debtor***") in the above-captioned chapter 11 case (the "***Trustee***"), hereby moves this Court ("***Motion***") for entry of an order approving the employment of Miller Nash LLP ("***Miller Nash***") as attorneys for Trustee. Trustee makes this motion pursuant to 11 U.S.C. § 327, Fed. R. of Bankr. P. 2014, and LBR 2014-1(b). In support of this application, Trustee states as follows:.

1. On March 15, 2023 (the "***Petition Date***"), an involuntary petition was filed against the Debtor under Chapter 11 of Title 11 of the United States Code. On April 5, 2023, the

Bankruptcy Court entered an Order Directing the United States Trustee to Appoint a Chapter 11 Trustee (ECF 29) (the "***Appointment Order***"). On April 6, 2023, the United States Trustee appointed the Trustee as interim trustee of the Debtor's estate and filed an application to obtain Bankruptcy Court approval of such appointment (ECF 30), and the Court entered an order approving the appointment of the Trustee as interim Chapter 11 trustee (ECF 32).

2. On April 7, 2023, the Trustee filed an Application to Employ Lane Powell PC ("***Lane Powell***") as Attorneys for Trustee (ECF 33) (the "***Lane Powell Application***").

3. On April 14, 2023, the Court entered an Order for Relief and Designating Person to Perform Duties of Debtor (ECF 38).

4. On May 9, 2023, the Court entered an order (ECF 61) (the "***Lane Powell Employment Order***") granting the Lane Powell Application.

5. The Lane Powell professionals primarily responsible for providing services to the Trustee under the Lane Powell Employment Order were David W. Criswell and Andrew J. Geppert.

6. On December 19, 2024, the Trustee filed a Notice of Firm Name Change (ECF 234) informing the Court and parties to this proceeding of Lane Powell's change of firm name to Ballard Spahr LLP effective January 1, 2025.

7. David W. Criswell and Andrew J. Geppert are no longer affiliated with Ballard Spahr LLP, and both are now affiliated with Miller Nash LLP.

8. The Trustee believes it is in the best interest of the bankruptcy estate for David W. Criswell and Andrew J. Geppert to continue in their representation of the Trustee. Accordingly, the Trustee submits this application to employ Miller Nash LLP as attorneys for the Trustee.

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2).

10. Trustee desires to retain and employ Miller Nash as counsel in this Chapter 11 case, pursuant to Section 327 of the United States Code, to represent Trustee primarily in connection with filing a motion and obtaining an order (i) authorizing the Trustee to pay administrative claims, including the administrative claims of the Trustee and his accountant, counsel, and former counsel, and the allowed claims of SAK Oregon, LLC, and its counsel as described in ECF Nos. 250 and 255 and (ii) dismissing this Chapter 11 case.

11. Trustee believes that Miller Nash is well suited for this representation. Miller Nash has experience in all aspects of the law that may arise in this Chapter 11 case.

12. Subject to Court approval, Trustee has agreed to compensate Miller Nash on an hourly basis. The Miller Nash professionals who will be primarily responsible for providing these services, their status, and their current billing rates for this matter are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| David W. Criswell | Partner | $700.00 |
| Andrew J. Geppert | Partner | $575.00 |
| Stuart Wylen | Paralegal | $350.00 |

13. From time to time, other Miller Nash attorneys and paralegals may also render services to Trustee in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule, or for other appropriate reasons.

14. The hourly rates to be charged by David W. Criswell and Andrew J. Geppert for this engagement are below their standard hourly rates.

15. Miller Nash will maintain detailed, contemporaneous time records of expenses incurred with the rendering of legal services described above by category and nature of services rendered and will file fee applications in accordance with the requirements of LBR 2016-1.

16. A Verified Statement in Support of Employment Application (LBF 1114) ("***Verified***

***Statement***") is attached to this application.

17. Miller Nash does not have any connection with Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the United States trustee, any person employed in the office of the United States trustee, or the judge assigned to this case, except as described in the Verified Statement.

For the reasons stated in this Application, Trustee requests that the Court enter an order authorizing him to employ Miller Nash to represent Trustee as his general bankruptcy counsel in this Chapter 11 case, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after application, notice and opportunity for hearing pursuant to Section 330 of the Bankruptcy Code and LBR 2016-1 or as otherwise provided by Court order.

DATED this 27th day of August, 2026.

MILLER NASH LLP

*/s/ Andrew J. Geppert*

David W. Criswell, OSB No. 925930
david.criswell@millernash.com
Andrew J. Geppert, OSB No. 203744
andrew.geppert@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Proposed Attorneys for Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**THRIVIFY, LLC**<br>Other names used by debtor:<br>The Lodge in Sisters, LLC,<br>The Lodge in Sisters, ABN,<br>Debtor | Case No. **23-30538-dwh11**<br>☐ Amended<br><br>**VERIFIED STATEMENT IN SUPPORT OF EMPLOYMENT APPLICATION** |

*Instructions to filer:* This statement must be completed by each person proposed to be employed in a chapter 11 case under 11 U.S.C. § 327, 1103, or 1107. If the application also seeks approval of employment of my firm, this form must be completed and signed on behalf of the firm by the member, associate, or employee of the firm who is expected to be primarily responsible for the engagement. If the firm is a law firm proposed to provide services in the case or an associated adversary proceeding, this form must be completed on behalf of the firm by the attorney of record. Any amended statement must include "Amended" in the title, be complete, and clearly identify changes from the previous filed version. Italicized text below constitutes further instructions.

I, **David W. Criswell**, make this statement in support of the application for approval of my employment by [*enter name of proposed employer, for example, name of debtor in possession, trustee, or creditors committee*] **Miller Nash LLP** (employer). If the application also seeks approval of employment of my firm, I make this statement on behalf of myself, my firm, and each other member, associate, or employee of my firm whom I expect to perform services for the employer in or in connection with this case, and each statement below is on behalf of each of those persons. Otherwise, paragraphs 2.3 and 2.5 below do not apply to this statement.

**1. Disinterestedness**

1.1. I am not a creditor of the debtor except:

**n/a**

1.2. I am not an equity security holder of the debtor.

1.3. I am not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

1.4. I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

**2. Insider status**

2.1. I am not a relative of the individual debtor [*"Relative" means an individual related by affinity or consanguinity within the third degree as determined by the common law or individual in a step or adoptive relationship within that third degree.*]

2.2. I am not a relative of an individual general partner of the debtor.

2.3. My firm is not a partnership in which the debtor is a general partner.

2.4. I am not a general partner of or in the debtor.

2.5. My firm is not a corporation of which the debtor is a director, officer, or person in control. [*"Corporation" has the meaning in 11 U.S.C. § 101(9) and includes limited liability company but not limited partnership*.]

2.6. I am not an officer or director of the debtor.

2.7. I am not a person in control of the debtor.

2.8. I am not a relative of a general partner, director, officer, or person in control of the debtor.

2.9. If the debtor is a municipality, I am not an elected official of the debtor or a relative of an elected official of the debtor.

2.10. I am not a managing agent of the debtor.

**3. Affiliates of the debtor** [*If the debtor has no affiliates, the affiliates list should say "None." In the balance of this statement, "affiliate" means an affiliate on the affiliates list below.*]

3.1. If I am an attorney proposed for employment as general bankruptcy counsel for the trustee or chapter 11 debtor in possession, the trustee or debtor in possession has with my advice prepared the list below of the debtor's affiliates, as that term is defined in 11 U.S.C. § 101(2), including each affiliate's name and relationship to the debtor.

3.2. If I am not an attorney described in paragraph 3.1 above, I have obtained from the trustee, chapter 11 debtor in possession, or the general bankruptcy counsel for the trustee or debtor in possession the list below of the debtor's affiliates, prepared in accordance with paragraph 3.1 above.

3.3. I am not an affiliate or an insider of an affiliate as if such affiliate were the debtor. [*"Insider" includes persons and other entities having a relation to the debtor listed in part 2 above.*]

**4. Employment by chapter 11 committee**

If I am proposed to be employed by a chapter 11 committee of creditors, equity-security holders, or retirees, I do not represent any other entity having an adverse interest in connection with the case.

**5. Connections**

I have no business, professional, personal, financial, or other connections with the debtor, affiliates, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee, or the judge except:

**None except as set forth on the attachment.**

**6. Compensation**

6.1. If I am an attorney representing the debtor in or in connection with this case, the following are the details of all compensation paid or agreed to be paid to me within one year before the petition date for services rendered or to be rendered in contemplation of or in connection with this case, including payments made to me by either the debtor or a third party for any services rendered to the debtor within one year before filing of the petition:

**n/a**

6.2. If I am proposed to be employed by the trustee or, in a chapter 11 case, by the debtor in possession or a committee of creditors, equity-security holders, or retirees, I do not represent or hold an interest adverse to the interest of the estate with respect to the matter on which I am proposed to be employed.

If, during this case, any of the above statements ceases to be correct because of events occurring or information that I gain after the petition date, I agree to immediately file an amended statement on this form, include “amended” in the title, and clearly identify any changes.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on 08/27/2026.

/s/ David W. Criswell
Signature of individual proposed to be employed

David W. Criswell
Printed name of signer

Miller Nash LLP
Address (including firm name, if applicable)

1140 SW Washington Street, Suite 700

Portland, OR 97205

---

**LIST OF AFFILIATES OF THE DEBTOR**
*See instructions in paragraph 3 above.*

| Name of Affiliate | Relationship of Affiliate to the Debtor |
| --- | --- |
| The Lodge in Sisters, LLC | 100% owned by the Debtor |

**Attachment to Application to Employ Attorney**

Miller Nash LLP ("***Miller Nash***") researched its conflicts database and confirms it has no connections with or to the Debtor or administrative claimant SAK Oregon, LLC (the former court-appointed Receiver for the Debtor in Deschutes County Circuit Court Case No. 20CV43982), or SAK's counsel at the law firms of Schwabe Williamson & Wyatt PC and Greenberg Traurig, LLP.

Miller Nash represents or formerly represented certain creditors or parties in interest in this case. These parties shall be excluded from the scope of Miller Nash's representation of the Trustee in this case:

| Creditor Name | Status |
| --- | --- |
| Greater Nevada Credit Union | Other attorneys at Miller Nash (not those that will be involved in the representation of the Trustee) represented Greater Nevada Credit Union in connection with this chapter 11 case. The matter has been closed and Miller Nash is no longer representing Greater Nevada Credit Union in connection with this case. |

Attorneys and staff at Miller Nash may be current or former employees of creditors or other parties in interest and may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money market relationships with creditors or other parties in interest. Attorneys and staff at Miller Nash may have relatives or spouses who are members of law firms involved in this case or who are employed by creditors or other parties in interest. Other than with respect to the Office of the United States Trustee, Miller Nash has conducted no investigation of its attorneys' or staff members' employment, banking, insurance, brokerage or investment activities or familial connections in preparing this statement.

Miller Nash will supplement this disclosure to the extent it identifies any other connections it has with Debtor's creditors or other parties in interest and will supplement this Application if it becomes aware of any additional parties adverse to the Debtor's bankruptcy estate with respect to the matters within Miller Nash's proposed engagement.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, I electronically filed the foregoing **APPLICATION TO EMPLOY MILLER NASH LLP AS ATTORNEYS FOR TRUSTEE** with the Clerk of the Court using the CM/ECF system, which caused parties who are registered ECF participants to be served by electronic means.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED August 27, 2026

*/s/ Andrew J. Geppert*
Andrew J. Geppert